**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JESSY PONDY,

          *Petitioner*,

v.                                   Case No. 3:26-cv-1380-WWB-PDB

UNITED STATES ATTORNEY
GENERAL, et al.,

          *Respondents*.

_____

## <u>ORDER</u>

Petitioner, a native and citizen of Micronesia, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at North Florida Detention Center.  (*Id.*).  According to Petitioner, ICE detained him on March 2, 2026, to begin removal proceedings and his removal order became final on April 10, 2026.  (*Id.* at 5). He argues that his prolonged detention violates his rights seemingly under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*See generally id.*).  As relief, Petitioner requests that the Court order his immediate release.  (*Id.* at 8).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  533 U.S. 678.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the Supreme

Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Thus, this Court considers only the post-removal order detention when determining whether the presumptively reasonable six-month period has passed. To that end, if ICE detained Petitioner for any period before his removal order became final, that fact is immaterial to the Court's analysis. Here, Petitioner alleges, and a review of the Executive Office for Immigration Review's ("**EOIR**") website indicates, that Petitioner's removal order became final on April 10, 2026. (Doc. 1 at 5); *see also* EOIR, Automated Case Information, available at www.acis.eoir.justice.gov (last visited May 27, 2026). Thus, the relevant post-removal order detention began on that date—April 10, 2026. At the time Petitioner filed his Petition on May 12, 2026, he had been in post-removal order custody for 32 days (excluding the date on which the Petition was filed). Thus, any claim under *Zadvydas* is not yet ripe and is dismissed without prejudice as premature.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on May 27, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Jessy Pondy, A222561733

3